**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.N.**

**No. 22-0061** (Calhoun County 20-JA-32)

**MEMORANDUM DECISION**

Petitioner Mother A.K., by counsel Leslie L. Maze, appeals the Circuit Court of Calhoun County's December 23, 2021, order terminating her parental rights to C.N.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katica Ribel, filed a response in support of the circuit court's order. The guardian ad litem, Tony Morgan, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner also raises a second assignment of error in which she alleges that the circuit court erred in failing to reinstate supervised visitation between her and the child. However, petitioner provides no authority in support of this assignment of error, in violation of Rule 10(c)(7), which requires that "[t]he brief must contain an argument exhibiting clearly the *points of . . . law presented*, the standard of review applicable, *and citing the authorities relied on*." (Emphasis added). Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" and "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented" are not in compliance with this Court's rules. In that order, the Court went on to instruct that "all of the requirements of the Rules must be strictly observed by litigants" because "[t]he Rules are not mere procedural niceties; they set forth a structured method to permit litigants and this Court to carefully review each case." In ordering that all litigants before this Court must comply with the Rules of Appellate Procedure, the Court cautioned that "[p]ursuant to Rule 10(j), failure to file a compliant brief 'may result in the Supreme Court

(continued . . .)

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2020, the DHHR filed a petition alleging that petitioner and the father engaged in domestic violence in the child's presence, including an incident in which the father bit the mother's ear and caused it to bleed. The petition also alleged that petitioner exposed the child to inappropriate individuals and known drug users. Finally, the petition alleged that petitioner abused drugs. According to the petition, petitioner attempted to submit to a drug screen but could not produce a urine specimen and repeatedly vomited. Due to concerns about withdrawal, the technician administering the screen sent petitioner to the emergency room. Based on the foregoing, the DHHR alleged that petitioner abused and neglected the child.

At an adjudicatory hearing in December of 2020, petitioner stipulated to the allegations against her, including that her substance abuse negatively affected her ability to parent and that she exposed the child to domestic violence. Accordingly, the circuit court adjudicated petitioner as an abusive and neglectful parent.

Thereafter, petitioner filed a motion for a post-adjudicatory improvement period. However, that motion was held in abeyance after petitioner was accepted into Family Treatment Court in April of 2021. Unfortunately, petitioner was removed from Family Treatment Court roughly sixty days later. During the hearing on petitioner's removal, the probation officer who worked with petitioner in the program testified that petitioner violated several rules of the program, including permitting an individual to stay in her home despite the fact that he was on parole and previously had his parental rights to his own child terminated. During the hearing, petitioner testified that she "never wanted to do" Family Treatment Court but "kind of just got pushed into it because of [her] old lawyer." When asked if she had previously stipulated to being an abusive and neglectful parent, petitioner responded, "[n]o, I'm not." Later in her testimony, petitioner was unequivocal and stated, "I've never abused or neglected my son at all, ever." Petitioner went on to assert that her stipulation "was over domestic violence" and that she "never did drugs around [her] son." Petitioner also admitted to being in a sexual relationship with the individual found in her home. During her testimony, despite admitting to certain violations, petitioner blamed personnel from the treatment court, claiming that she "ha[d] a feeling they don't like" her and that they harassed her.

---

refusing to consider the case, denying argument to the derelict party, dismissing the case from the docket, or imposing such other sanctions as the Court may deem appropriate.'" Because petitioner provides no authority in support of this assignment of error, we decline to address it on appeal.

In November of 2021, the court held the final dispositional hearing and denied petitioner's motion to reinstate her visits with the child, which had been suspended after the child engaged in self-harm following visits. During the hearing, the court took judicial notice of petitioner's testimony from the hearing on her removal from Family Treatment Court. Petitioner presented three witnesses on her behalf in regard to her participation with services. According to the court, petitioner's witnesses "all outlined problems with [petitioner's] . . . participation in services and her failure to acknowledge the issues which caused the case to be filed." Additionally, other witnesses discussed petitioner's refusal to accept substance abuse treatment and her violation of the rules of supervised visitation, including that petitioner was suspected of being under the influence of drugs at some visits. According to one witness, petitioner consistently blamed others for her problems.

The court also found it "most significant" that petitioner testified that she "never really abused or neglected" the child and that she admitted to doing drugs but believed that her "case is over domestic violence, not drugs." In regard to petitioner's motion for an improvement period, the court found that petitioner "failed to acknowledge her drug addiction has negatively impacted her ability to parent, and in fact, she now recants her sworn admissions made at the adjudicatory hearing." According to the court, petitioner's testimony "reveals a lack of even a basic appreciation for the harm she has caused her son." The court further found that petitioner was given the opportunity to address her issues through Family Treatment Court but "failed miserably," as she was removed within two months and claimed that she was harassed in that program. According to the court, although petitioner sought services after her removal from that program, "it is apparent that she is merely 'going through the motions' of trying to show she will participate and she has not been honest with those who are providing services." As such, the court denied petitioner's motion. The court further found that this evidence supported findings that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her rights was necessary for the child's health, well-being, and safety. Accordingly, the court terminated petitioner's parental rights to the child.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if

---

[3]The father's parental rights were also terminated. The permanency plan for the child is adoption in the current placement.

the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner alleges that the circuit court erred in denying her motion for an improvement period. Without belaboring petitioner's specific arguments in support of this assignment of error, we find that petitioner's reliance on outdated law and her failure to fully acknowledge the conditions of abuse and neglect at issue are determinative.

Petitioner argues that her problems early in the proceedings "do not constitute 'compelling circumstances' sufficient to deny [her] . . . the opportunity and any chance of rehabilitation." In support of this position, petitioner cites to the following: "W.Va.Code, 49-6-2(b) (1984), permits a parent to move the court for an improvement period which shall be allowed unless the court finds compelling circumstances to justify a denial." Syl. Pt. 2, *State ex rel. W. Va. Dep't of Hum. Services v Cheryl M.*, 177 W. Va. 688, 356 S.E.2d 181 (1987). Her reliance on this standard is misplaced, as it was "based upon language in a former version of [West Virginia Code § 49-4-610], prior to the 1996 amendments, which stated that a court was to provide an improvement period unless compelling circumstances indicated otherwise." *In re Charity H.*, 215 W. Va. 208, 216 n.11, 599 S.E.2d 631, 639 n.11 (2004). However, "[w]ith the deletion of such language from the statute, the compelling circumstance concept is no longer relevant to this Court's investigation." *Id*. The current statute requires that the parent "demonstrate[ ], by clear and convincing evidence, that [he or she is] likely to fully participate in the improvement period." W. Va. Code § 49-4-610(2)(B).

However, critical to the resolution of the instant matter, we have previously held that

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). As the circuit court found, petitioner repeatedly stressed that she never abused or neglected the child, despite the fact that she stipulated to having done just that at adjudication. Petitioner also minimized her drug abuse and its impact on the child by testifying that her case concerned domestic violence, not substance abuse. Again, substance abuse was an issue to which petitioner stipulated. Based on the circuit court's findings about petitioner's refusal to acknowledge the conditions of abuse and neglect at issue, we find no abuse of discretion in denying her motion for an improvement period. *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period.").

Finally, petitioner argues that the circuit court erred in terminating her parental rights because she was not given the opportunity to show that she could modify her behavior and correct the conditions of abuse and neglect, many of which she asserts that she had already begun addressing. This argument ignores the fact that petitioner was given the opportunity to show she could modify her behavior in the form of Family Treatment Court, an opportunity that the circuit court found she squandered by violating multiple rules which caused her removal from the program. Far from demonstrating an ability to address her problems, petitioner instead entered into a relationship with a felon whose rights to his own child had been involuntarily terminated and permitted him to reside in her home. Just as she refused to acknowledge the conditions of abuse and neglect, petitioner also lacked awareness of the reason for her removal from this program, as she blamed Family Treatment Court personnel for harassing her and asserted that she did not want to participate in the program in the first instance. Accordingly, we find petitioner's assertion that she was not given an opportunity to demonstrate her ability to modify her behavior to be entirely without merit.

Petitioner also alleges that the circuit court erred in finding that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future when she asserts that she had already addressed or was in the process of addressing those conditions. Petitioner cites to several services she was participating in, including substance abuse treatment, a domestic violence program, parenting education, and adult life skills, among others. Petitioner further claims that she obtained housing, transportation, and employment. Even taking petitioner's assertions about her participation and achievements as true, we have previously explained that "it is possible for an individual to show 'compliance with specific aspects of the case plan' while failing 'to improve . . . [the] overall attitude and approach to parenting.'" *In re Jonathan Michael D.*, 194 W. Va. 20, 27, 459 S.E.2d 131, 138 (1995) (citation omitted). The circuit court in this matter considered the evidence petitioner relies on before this Court and found that petitioner was merely "going through the motions" in an attempt to demonstrate a likelihood of participation. The court further found that petitioner had been dishonest with her service providers, undercutting her alleged participation and progress, and was unable to make meaningful change due to her refusal to acknowledge the conditions of abuse and neglect. As such, the court did not err in finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future.

Further, we find no error in the circuit court's determination that termination of petitioner's parental rights was necessary for the child's wellbeing, given that the record showed that the child engaged in harmful behavior following visits with petitioner. According to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental rights upon these findings. We have also explained as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

5

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 23, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: May 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn